UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| BARRY HARRIS,<br><br>    Plaintiff<br><br>v.<br><br>WILLIAM GITTERE, et al.,<br><br>    Defendants | Case No.: 3:22-cv-00042-ART-CSD<br><br>**Report & Recommendation of<br>United States Magistrate Judge**<br><br>Re: ECF Nos. 30, 31 |

    This Report and Recommendation is made to the Honorable Anne R. Traum, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4.

    Before the court are Plaintiff's motions for a preliminary injunction and temporary restraining order. (ECF Nos. 30, 31.)[1] Defendants filed responsive briefs. (ECF Nos. 32, 33.) Plaintiff filed a reply. (ECF No. 35.)

    After a thorough review, it is recommended that Plaintiff's motions be denied.

**I. BACKGROUND**

    Plaintiff is an inmate in the custody of the Nevada Department of Corrections (NDOC), proceeding pro se with this action pursuant to 42 U.S.C. § 1983. (Second Amended Complaint (SAC), ECF No. 8.) The events giving rise to this action took place while Plaintiff was housed at Ely State Prison (ESP). (*Id*.)

    The court screened Plaintiff's SAC and allowed him to proceed with the following claims: 1) an Eighth Amendment deliberate indifference to serious mental health needs claim

---

[1] These motions are identical, but docketed separately to reflect the different forms of relief sought.

against Bowdimer, Gittere, and Reubart based on allegations that he suffered mental distress after being called racial slurs by prison officials, but these Defendants denied him requested mental health treatment, resulting in him not eating for a week; 2) a Fourteenth Amendment equal protection claim against Bowdimer,, Gittere, and Reubart, based on allegations that prison officials refused to give him requested mental health treatment because he is Black; and 3) a retaliation claim against Cooke based on allegations that she repeatedly denied his grievances to frustrate his ability to pursue the grievance process in retaliation for protected conduct—complaining about racist treatment by Bowdimer. (ECF No. 10.)

Plaintiff moves for a preliminary injunction and temporary restraining order that requires Defendants to provide Plaintiff with one hour, three days a week, to review initial disclosures, evidence, and documents that he is not allowed to have in his cell, and requiring that he have adequate space and Lexis Nexis capability to review his research and take notes.

**II. DISCUSSION**

The purpose of a preliminary injunction or temporary restraining order is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. *University of Texas v. Camenisch*, 451 U.S. 390, 395 (1981).

Injunctions and temporary restraining orders are governed procedurally by Federal Rule of Civil Procedure 65, but case law outlines the substantive requirements a party must satisfy to obtain an injunction or restraining order. *See Grupo Mexicano de Desarrollo S.A. v. Alliance Bond Fund, Inc.*, 527 U.S. 308, 319 (1999) ("[T]he general availability of injunctive relief [is] not altered by [Rule 65] and depend[s] on traditional principles of equity jurisdiction.").

In seeking injunctive relief, "there must be a relationship between the injury claimed in the motion for injunctive relief and the conduct asserted in the underlying complaint." *Pacific Radiation Oncology, LLC v. Queen's Medical Center*, 810 F.3d 631, 636 (9th Cir. 2015). "This requires a sufficient nexus between the claims raised in a motion for injunctive relief and the claims set forth in the underlying complaint itself." *Id.* "The relationship between the preliminary injunction and the underlying complaint is sufficiently strong where the preliminary injunction would grant 'relief of the same character as that which may be granted finally.'" *Id.* (quoting *De Beers Consol. Mines v. United States*, 325 U.S. 212, 220 (1945)). "Absent that relationship or nexus, the district court lacks authority to grant the relief requested." *Id.*

Plaintiff's motions assert that he was retaliated against at High Desert State Prison (HDSP) and written up on false charges. He also asserts that he is not being allowed access to adequately prepare his discovery "in another open matter" by not letting him review legal documents that he cannot possess in his cell. He states this has interfered with his ongoing criminal and civil cases.

Plaintiff's ability to access and review legal documents related to an ongoing criminal case certainly has no nexus to the Eighth Amendment mental health, equal protection, and retaliation claims proceeding in this action. Even if Plaintiff is claiming that he has not had adequate access to review the initial disclosures or other discovery provided by Defendants in *this* matter, that is not an issue with a sufficient nexus to the *claims* proceeding in this matter to warrant the extraordinary remedy of injunctive relief. Instead, that is a matter that should be raised through a discovery motion after engaging in a proper meet and confer. Moreover, Plaintiff has not explained *why* his ability to review any discovery in *this* case has been

3

inadequate. Nor does he cite any authority to support his position that he should have uninhibited access to review discovery.

As an aside, the court notes generally the process is that an inmate must request (known as a "kite" in the prison) the warden to review case-related documents he is not allowed to possess in his cell, and so long as they are relevant to his pending case, he should be given a reasonable opportunity to review those matters and take notes. The court generally will not interfere with matters of prison administration, including the review of such matters, unless the inmate specifically demonstrates in connection with a discovery motion that he is not being given an adequate time to review relevant materials. That is not the subject of a motion for injunctive relief, and even if the court construed the motion as making a discovery request, Plaintiff has not made such a showing and has not complied with the meet and confer requirements set forth in Local Rules 26-6 and LR IA 1-3(f).

For these reasons, Plaintiff's motions for injunctive relief should be denied.

## IV. RECOMMENDATION

IT IS HEREBY RECOMMENDED that the District Judge enter an order **DENYING** Plaintiff's motions for injunctive relief. (ECF Nos 30, 31).

The court notes that on October 16, 2023, Plaintiff filed a notice of change of address with an address on 400 S. 4th Street, Suite 500, in Las Vegas, Nevada. A search reveals that this address is associated with the law firm Nevada Walker Legal Counsel PLLC and attorney Kirk Nevada Walker.[2] Plaintiff remains incarcerated within the NDOC, and no appearance has been entered on his behalf by counsel. Plaintiff has filed a motion for appointment of counsel (ECF

---

[2] *See* Business & Commercial Lawyer in Las Vegas | Nevada Walker PLLC, last visited November 30, 2023.

No. 36), which will be addressed separately. However, in the meantime, the Clerk shall **SERVE** this Report and Recommendation and any order on this Report and Recommendation to Plaintiff at his *prison* address of record, which is currently listed as HDSP.

If Plaintiff has not retained counsel in *this* civil case, he should file another notice of change of address immediately reflecting that his current address of record is still HDSP.

The parties should be aware of the following:

1. That they may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to this Report and Recommendation within fourteen days of being served with a copy of the Report and Recommendation. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the district judge.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment by the district court.

Dated: November 30, 2023

_____
Craig S. Denney
United States Magistrate Judge