UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| BARRY HARRIS,<br><br>             Plaintiff,<br>    v.<br>WILLIAM GITTERE, et al.,<br><br>             Defendants. | Case No. 3:22-cv-00042-ART-CSD<br><br>ORDER |

*Pro se* Plaintiff Barry Harris brings this action under 42 U.S.C. § 1983 against Defendants William Gittere, Amber Bodenheimer[1], and William Reubart for their allegedly unconstitutional behavior. Before the Court is Plaintiff's motion for a preliminary injunction and temporary restraining order. (ECF Nos. 30, 31.)[2] Defendants filed responsive briefs (ECF Nos. 32, 33), and Plaintiff filed a reply. (ECF No. 35.)

United States Magistrate Judge Craig S. Denney has issued a Report and Recommendation ("R&R") (ECF No. 38) recommending denial of Plaintiff's motion. Plaintiff filed an objection to that R&R. (ECF No. 41.) For the reasons identified below, the Court overrules Plaintiff's objections, adopts the R&R in full, and denies Plaintiff's motions for a preliminary injunction and temporary restraining order (ECF Nos. 30, 31.)

**I.     Background**

The Court screened Plaintiff's Second Amended Complaint (ECF No. 8) and

---

[1] Plaintiff's claims were originally filed against Correctional Officer "Bowdimer." Subsequent filings by Defendants as well as the docket indicate that the true name of this Defendant is Amber Bodenheimer.

[2] These documents are identical but docketed separately due to the differing relief sought.

1

allowed him to proceed with his Eighth Amendment, Fourteenth Amendment, and retaliation claims against Defendants Gittere, Reubart, and Bodenheimer. (ECF No. 10.) Subsequently, Plaintiff filed a motion for a preliminary injunction and temporary restraining order. (ECF Nos. 30, 31). Plaintiff moves for an order requiring Defendants to provide him with one hour, three days a week, to review Defendant's initial disclosures, evidence, and documents that he is not permitted to have in his cell, and requiring that he be provided with adequate space, time, and Lexis Nexis capabilities to do research and take notes in his defense. (ECF Nos 30, 31.)

## II. Legal Standard

### A. Preliminary Injunction and Temporary Restraining Order

In order for a court to have the power to grant a preliminary injunction or temporary restraining order, "there must be a relationship between the injury claimed in the motion for injunctive relief and the conduct asserted in the underlying complaint." *Pacific Radiation Oncology, LLC v. Queen's Medical Center*, 810 F.3d 631, 636 (9th Cir. 2015). "The relationship between the preliminary injunction and the underlying complaint is sufficiently strong where the preliminary injunction would grant 'relief of the same character as that which may be granted finally.'" *Id.* (quoting *De Beers Consol. Mines v. United States*, 325 U.S. 212, 220 (1945)).

### A. Review of Reports and Recommendations

Under the Federal Magistrates Act, a court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by [a] magistrate judge." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the court is required to "make a *de novo* determination of those portions of the [report and recommendation] to which objection is made." 28 U.S.C. § 636(b)(1). A court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v.*

*Arn*, 474 U.S. 140, 149 (1985).

### III. Discussion

Plaintiff objects to Judge Denney's R&R on the basis that (1) he did not consent to a magistrate judge, and (2) that the magistrate judge refused to address his equal protection claim. (ECF No. 41 at 1-2.)

#### A. Consent to Magistrate Judge

Under 28 U.S.C. § 636(b)(1)(B), a federal district judge may designate a magistrate judge to submit to the court proposed findings of fact and recommendations for disposition of a motion by an individual in prison challenging the conditions of their confinement. 28 U.S.C. § 636(b)(1)(B). Any party may then serve and file written objections to the magistrate judge's recommendation. 28 U.S.C. § 636(b)(1). The district judge may then accept, reject, or modify the recommendations of the magistrate judge. *Id*. The district judge thus decides whether to grant case-ending (dispositive) motions and would preside over any trial. This process does not require consent of the parties. This action was referred to Judge Denney pursuant to 28 U.S.C. § 636(b)(1)(B). Thus, Plaintiff's objection on the basis that he did not consent to a magistrate judge is overruled.

#### B. Equal Protection Claim

In considering a motion for injunctive relief, Judge Denney was required to consider whether Plaintiff met the standard for a preliminary injunction or temporary restraining order. Granting a preliminary injunction or temporary restraining order requires that there be a nexus between the injury claimed in the motion for injunctive relief and the conduct asserted in the underlying complaint. *See Pacific Radiation Oncology, LLC v. Queen's Medical Center*, 810 F.3d 631, 636 (9th Cir. 2015). (quoting *De Beers Consol. Mines v. United States*, 325 U.S. 212, 220 (1945)).

//

1    Magistrate Judge Denney's order considered whether there was a
2    relationship between the injury Plaintiff claimed in his underlying complaint
3    (here, his Eighth Amendment, Fourteenth Amendment equal protection, and
4    retaliation claims), and the relief requested in his motion for a preliminary
5    injunction or temporary restraining order (time to review Defendant's initial
6    disclosures, evidence, and documents not permitted to have in Plaintiff's cell, and
7    adequate space, time, and Lexis Nexis capabilities to do research and take notes
8    in his defense). (ECF Nos. 30, 31.) In doing so, Magistrate Judge Denney's order
9    found that "Plaintiff's ability to access and review legal documents related to an
10   ongoing criminal case certainly has no nexus to the Eighth Amendment mental
11   health, equal protection, and retaliation claims proceeding in this action." (ECF
12   No. 38 at 3.) Accordingly, Judge Denney did not fail to address Plaintiff's equal
13   protection claim in his recommendation that Plaintiff's motion be denied.

14   Additionally, upon review of Judge Denney's analysis, the Court agrees
15   with the conclusion that there is no nexus between the injury claimed and the
16   relief requested. *See Picozzi v. Nevada*, No. 2:22-CV-01011-ART-EJY, 2024 WL
17   3570861, at *3 (D. Nev. July 26, 2024) (finding no nexus between plaintiff's
18   claims relating to medical care and the relief requested related to retaliation);
19   *King v. Calderin*, No. 221-CV-01452-CDS-BNW, 2023 WL 375986, at *2 (D. Nev.
20   Jan. 24, 2023) (finding no nexus between plaintiff's claims under the First
21   Amendment, Fourteenth Amendment, and RLUIPA, and his request for relief
22   related to retaliation, assault, and battery).

23   The Court thus adopts Judge Denney's report and recommendation as to
24   this motion.

25   If Plaintiff believes he faces new violations of his rights, he must grieve his
26   concerns, exhaust his administrative rights, and may then initiate a new action.

27   As noted in Judge Denney's R&R, these are also matters that may be raised
28   through a discovery motion after engaging in a meet and confer, pursuant to the

requirements set forth in Local Rules 26-6 and LR IA 1-3(f). The Court generally will not interfere with matters of prison administration, including the review of such matters, unless the inmate specifically demonstrates in connection with a discovery motion that he is not being given an adequate time to review relevant materials.

**IV.    Conclusion**

It is therefore ordered that Plaintiff's objections to Judge Denney's Report and Recommendation (ECF No. 41) are OVERRULED.

It is further ordered that Judge Denney's Report and Recommendation recommending denial of Plaintiff's motions for a preliminary injunction and temporary restraining order (ECF No. 38) is ACCEPTED and ADOPTED.

It is further ordered that Plaintiff's motions for a preliminary injunction and temporary restraining order (ECF Nos. 30, 31) are DENIED.

Dated this 24th day of September, 2024.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE