UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| BARRY HARRIS, | Case No. 3:22-cv-00042-ART-CSD |
| Plaintiff, | ORDER REGARDING APPOINTMENT OF COUNSEL |
| v. | |
| WILLIAM GITTERE, et al., | |
| Defendants. | |

*Pro se* Plaintiff Barry Harris brings this action under 42 U.S.C. § 1983. The Court screened Plaintiff's second amended complaint (ECF No. 8) and allowed him to proceed with his Eighth Amendment, Fourteenth Amendment, and retaliation claims against Defendants Gittere, Reubart, and Bodenheimer. (ECF No. 10.) Mr. Harris filed a motion for appointment of counsel, which the Court granted, finding exceptional circumstances. (ECF Nos. 43; 44.) Mr. Harris's case was referred to the Court's Pro Bono Program. However, the Pro Bono program was unable to find counsel for Mr. Harris. (ECF No. 70.)

The Court notes that Plaintiff is currently represented by the Federal Public Defender's Office ("FPD") in a separate suit for habeas corpus relief, Case No. 3:20-cv-00695-MMD-WGC.

In district courts, the appointment of counsel for persons financially unable to obtain representation in criminal cases is governed by 18 U.S.C. § 3006A. "A person for whom counsel is appointed shall be represented at every stage of the proceedings from his initial appearance before the United States magistrate judge or the court through appeal, including ancillary matters appropriate to the proceedings." 18 U.S.C. § 3006A(c). Ancillary matters include proceedings sufficiently related to the underlying criminal case. *See United States v. Martinson*, 809 F.2d 1364, 1370 (9th Cir. 1987).

1

1    It is therefore ordered that the Clerk of the Court is directed to electronically serve upon the FPD a copy of this Order.

The FPD is ordered to confirm with the Court, within 30 days of this order, (1) whether Mr. Harris's case is ancillary, and (2) whether the FPD is willing to be appointed as counsel in this matter.

Dated this 4th day of February, 2025.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE