UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| BARRY HARRIS,<br><br>            Plaintiff,<br>    v.<br><br>WILLIAM GITTERE, et al.,<br><br>            Defendants. | Case No. 3:22-cv-00042-ART-CSD<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE (ECF No. 71) & DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION (ECF No. 60) |

*Pro se* Plaintiff Barry Harris brings this action under 42 U.S.C. § 1983 against Defendants William Gittere, Amber Bodenheimer[1], and William Reubart for their allegedly unconstitutional behavior. Plaintiff has filed a motion for reconsideration (ECF No. 60) of the Court's order adopting Judge Denney's Report and Recommendation ("R&R") (ECF No. 59), which recommended denying Plaintiffs' motions for a temporary restraining order and preliminary injunction. Plaintiff also subsequently filed a new motion for temporary restraining order and preliminary injunction (ECF Nos. 61; 62)[2], as well as two documents in support of this motion (ECF Nos. 64; 68)[3]. Judge Denney issued another R&R, which recommends denying these motions (ECF No. 71). For the reasons discussed below, the Court denies Plaintiff's motion for reconsideration, adopts Judge Denney's R&R, and denies Plaintiff's new motion for a temporary restraining order and preliminary injunction.

**I.    Plaintiff's Motion for Reconsideration**

Plaintiff filed a "notice of under seal submission of motion for

---

[1] Plaintiff's claims were originally filed against Correctional Officer "Bowdimer." Subsequent filings by Defendants as well as the docket indicate that the true name of this Defendant is Amber Bodenheimer.
[2] These documents are identical but docketed separately due to the differing relief sought.
[3] These documents were filed separately but appear identical.

1

reconsideration" of ECF No. 59. (ECF No. 60.) It appears from the docket in this action that Plaintiff did not actually file any motion for reconsideration of this order, and Defendants respond that they are not in receipt of any said motion. (ECF No. 63.) As the Court has not received an actual motion asking the Court to reconsider its prior order at ECF No. 59, the Court denies this motion.

## II.   Review of Report and Recommendation on Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction

Plaintiff's motion alleges that he is being discriminated against by N.D.O.C. and H.D.S.P. because he is black. He states that he has been in administrative segregation for four years and has being denied medical care, normal programming, visits, and yard time because he is a black inmate, which is a continual deprivation of his constitutional rights. (ECF No. 61 at 3, 6.) In Plaintiff's supplemental filings in support of his motion, he alleges that he has been placed in the super max unit out o3:22-cv-f retaliation for filing this motion, and that he believes that his life is in danger. (ECF No. 64 at 4.) Specifically, he states that he believes that they are putting stuff in his food, and that he heard some of the Defendants have a plot to have him killed by other inmates. (*Id.*)

Plaintiff's motion for a temporary restraining order and preliminary injunction requests a court order to "ensure that I stop being racially discriminated against" by N.D.O.C. and H.D.S.P., "as well as to ensure my immediate release from N.D.O.C. custody." (*Id.* at 2.) Plaintiff also requests monetary damages, and to be transferred to another institution because he is afraid that N.D.O.C. and H.D.S.P "might do something to [him]." (*Id.* at 4.) In his supplemental filings, Plaintiff requests to be released from custody immediately. (ECF No. 64 at 4.)

### A. Legal Standards

#### 1. Preliminary Injunction and Temporary Restraining Order

A party seeking a preliminary injunction must demonstrate (1) a likelihood

of success on the merits, (2) a likelihood of irreparable harm if preliminary relief is not granted, (3) the balance of equities is in their favor, and (4) an injunction is in the public interest. *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008). The analysis for a temporary restraining order is "substantially identical" to that of a preliminary injunction. *Stuhlbarg Intern. Sales Co, Inc. v. John D. Brush & Co., Inc.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001).

For a court to have the power to grant a preliminary injunction or temporary restraining order, "there must be a relationship between the injury claimed in the motion for injunctive relief and the conduct asserted in the underlying complaint." *Pacific Radiation Oncology, LLC v. Queen's Medical Center*, 810 F.3d 631, 636 (9th Cir. 2015). "The relationship between the preliminary injunction and the underlying complaint is sufficiently strong where the preliminary injunction would grant 'relief of the same character as that which may be granted finally.'" *Id.* (quoting *De Beers Consol. Mines v. United States*, 325 U.S. 212, 220 (1945)).

**2. Review of Reports and Recommendations**

Under the Federal Magistrates Act, a court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by [a] magistrate judge." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the court is required to "make a *de novo* determination of those portions of the [report and recommendation] to which objection is made." 28 U.S.C. § 636(b)(1). A court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn,* 474 U.S. 140, 149 (1985). Because Mr. Harris objects to Judge Denney's Report and Recommendation, the Court reviews this motion *de novo.*

**B. Analysis**

Judge Denney's R&R recommended denial of Plaintiff's motion because he failed to meet any of the four requirements for a preliminary injunction or

temporary restraining order under *Winters*, 555 U.S. at 20. The Court agrees that Plaintiff has not provided sufficient factual detail from which the Court can evaluate these four factors. Plaintiff's motion states that he is being discriminated against based on his race generally, and that he has been placed in administrative segregation and denied medical care, normal programming, visits, and yard time because he is black. For Plaintiff to demonstrate that he is entitled to a temporary restraining order or preliminary injunction, he must provide the court with *specific* factual assertions of how he is being discriminated against and how he will suffer irreparable harm if the alleged conduct is not enjoined. Fed. R. Civ. P. 65(b)(1)(A). Additionally, Plaintiff must demonstrate a connection "between the injury claimed in the motion for injunctive relief and the conduct asserted in the underlying complaint." *Pacific Radiation Oncology*, 810 F.3d at 636. For this reason, the Court adopts Judge Denney's R&R and denies Plaintiff's motion for a temporary restraining order and preliminary injunction.

The Court will also briefly address the allegations in Plaintiff's supplemental filings – that he has been retaliated against and that he believes his life is in danger. First, the Court notes that if these were construed to be a part of Plaintiff's motion for injunctive relief, Plaintiff does not provide sufficient facts from which the Court can discern whether these would meet the four preliminary injunction factors under *Winters*, 555 U.S. at 20. Specifically, as to Plaintiff's allegations of retaliation, there are insufficient facts for the Court to determine if the alleged retaliation would have a nexus with Plaintiff's complaint. While Plaintiff's complaint states a retaliation claim, his supplemental filings did not include enough information to know if the alleged retaliation in this instant motion is based on the same conduct by the same actors as the conduct alleged his complaint. *See Silva v. Stogner,* No. 3:20-CV-00027-ART-CSD, 2023 WL 6973697, at *2 (D. Nev. Oct. 23, 2023) (denying motion for temporary restraining order where alleged retaliation forming basis for motion involved different officials

and different conduct than the underlying retaliation claim). The Court also notes that where there is no nexus, new assertions of misconduct can give rise to additional claims against a defendant – and may be brought in another action – even if they do not support a preliminary injunction. *Pacific Radiation Oncology*, 810 F.3d at 636.

The Court will address Plaintiff's objection on the ground that he never consented to a magistrate judge. Under 28 U.S.C. § 636(b)(1)(B), a federal district judge may designate a magistrate judge to submit to the court proposed findings of fact and recommendations for disposition of a motion by an individual in prison challenging the conditions of their confinement. 28 U.S.C. § 636(b)(1)(B). Any party may then serve and file written objections to the magistrate judge's recommendation. 28 U.S.C. § 636(b)(1). The district judge may then accept, reject, or modify the recommendations of the magistrate judge. *Id.* The district judge thus decides whether to grant case-ending (dispositive) motions and would preside over any trial. This process does not require consent of the parties. This action was referred to Judge Denney pursuant to 28 U.S.C. § 636(b)(1)(B). Thus, Plaintiff's objection on the basis that he did not consent to a magistrate judge is overruled.

The Court also clarifies the term "without prejudice." When a motion is denied without prejudice by the Court, this means that a Plaintiff is not barred from re-filing the same claim or request for relief. *Semtek Intern. Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 505-06 (2001). However, a Plaintiff filing a motion and using the language "without prejudice" does not mean that the Court will automatically grant or deny the motion without prejudice.

### III. Conclusion

It is therefore ordered that Plaintiff's notice of under seal submission of motion for reconsideration (ECF No. 60) is DENIED.

It is further ordered that Plaintiff's objections to Judge Denney's Report

and Recommendation (ECF No. 74) are OVERRULED.

It is further ordered that Judge Denney's Report and Recommendation recommending denial of Plaintiff's motions for a preliminary injunction and temporary restraining order (ECF No. 71) is ADOPTED.

It is further ordered that Plaintiff's motions for a preliminary injunction and temporary restraining order (ECF Nos. 61; 62) are DENIED.

Dated this 11th day of February, 2025.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE